IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

TONNIE JELKS,

    Plaintiff,

vs.                                                               No. 1:15-cv-1062-JDT-egb

OFFICER KLUTZ, ET AL.,

    Defendants.

ORDER TO MODIFY THE DOCKET,
DISMISSING CLAIMS AGAINST DEFENDANTS NURSE ADAM, GRAY AND MURCER
AND DIRECTING THAT PROCESS BE ISSUED AND SERVED ON
DEFENDANTS KLUTZ AND STEWART

On March 25, 2015, Plaintiff Tonnie Jelks ("Jelks"), who is confined in the Madison County Jail in Jackson, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) After Jelks submitted the required documentation (ECF No. 5), the Court granted leave to proceed *in forma pauperis* on April 16, 2015, assessing the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(a)-(b) (ECF No. 6). The Clerk shall record the defendants as Officer First Name Unknown ("FNU") Klutz, Officer FNU Stewart,[1] Nurse Adam,[2] Dr. FNU Gray, and Nurse FNU Murcer.

---

[1]Although Defendant Stewart's name is spelled "Steward" in the case caption, it is spelled "Stewart" all throughout the body of the complaint. Therefore, the Clerk is directed to MODIFY the docket to reflect that this Defendant's last name is Stewart.

[2] It is unclear from the complaint whether Adam is Nurse Adam's first name or last name.

# I. THE COMPLAINT

In his complaint, Jelks alleges that, on November 30, 2014, he was assaulted by Defendants Klutz and Stewart at the Madison County Jail. (ECF No. 1-1 at PageID 4.). Jelks alleges that after he told the "J.P.A." that his handcuffs were too tight, Klutz took Jelks to a room where his handcuffs were removed and he was told to remove his underwear. (*Id.*) Jelks asked him to hold on a minute, but then two other officers, one of whom was Stewart, came in the room. (*Id.*) The three officers then allegedly threw Jelks head first against the wall, causing pressure on his neck and back. (*Id.*) Jelks further alleges that the officers then handcuffed him and threw him, while naked, into a holding cell. (*Id.*) Jelks alleges that Klutz then put his knee on Jelks's back and the other on his neck, causing more force and pressure. (*Id.*). Jelks maintains that he was not resisting at any time. (*Id.*) Jelks alleges that his neck has a knot in it, he has pain in his back from his neck to his legs, and he cannot hold his head down for a long time. (*Id.*) Jelks asks for the defendants to be fired and to be paid for his pain and suffering. (*Id.*)

# II. ANALYSIS

A.  <u>Screening and Standard</u>

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

   (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

   (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

B. § 1983 Claim

Jelks filed his complaint on the court-supplied form for actions under 42 U.S.C. § 1983 which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes

4

> to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

   *1.   Twombly Standard*

The complaint contains no factual allegations against defendants Adam, Dr. Gray, and Nurse Murcer. When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

   *2.   Eighth Amendment: Cruel and Unusual Punishment*

The Supreme Court has held that "the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotation marks omitted). The Supreme Court has applied this standard to uses of force by prison officials, explaining that "the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Id.* at 320-21 (citation omitted); *see also Hudson v. McMillian*, 503 U.S. at 6-7. In *Hudson*, 503 U.S. at 7-9, the Supreme Court held that a significant physical injury is not required to establish the objective component of an Eighth

5

Amendment claim. However, the Supreme Court made clear that trivial physical contact does not violate the Eighth Amendment:

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. *See Johnson v. Glick*, 481 F.2d [1028,] 1033 [(2d Cir. 1973)] ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chamber, violates a prisoner's constitutional rights"). The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort "'repugnant to the conscience of mankind." *Whitley*, 475 U.S., at 327 . . . (quoting *Estelle*, supra, 429 U.S., at 106 . . . (internal quotation marks omitted).

*Id.* at 9-10. For purposes of screening, Jelks has alleged a plausible claim for violation of the Eighth Amendment against Officers Klutz and Stewart.

### III. CONCLUSION

The Court DISMISSES Jelks's complaint against Defendants Adams, Gray, and Murcer for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Process will be issued for Defendants Klutz and Stewart on Jelks's Eighth Amendment claim for the use of excessive force.

It is ORDERED that the Clerk shall issue process for Defendants Klutz and Stewart and deliver that process to the U.S. Marshal for service. Service shall be made on Defendants Klutz and Stewart pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10), either by mail or personally if mail service is not effective. All costs of service shall by advanced by the United States.

It is further ORDERED that Jelks shall serve a copy of every subsequent document he files in this cause on the attorneys for Defendants Officer Klutz and Officer Stewart or on any unrepresented Defendant. Jelks shall make a certificate of service on every document filed.

Jelks shall familiarize himself with Federal Rules of Civil Procedure and this Court's Local Rules.[3]

Jelks shall promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

                                              s/ **James D. Todd**
                                              JAMES D. TODD
                                              UNITED STATES DISTRICT JUDGE

---

[3] A copy of the Local Rules may be obtained from the Clerk. The Local Rules are also available on the Court's website at www.tnwd.courts.gov/pdf/content/LocalRules.pdf.