IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| TONNIE JELKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) No. 15-1062-JDT-egb |
| | ) |
| JASON KLUTTS, ET AL., | ) |
| | ) |
| Defendants. | ) |

ORDER TO MODIFY THE DOCKET,
DENYING MOTION FOR ACCOUNTING AND
DENYING MOTION FOR APPOINTMENT OF COUNSEL

On March 25, 2015, the *pro se* prisoner Plaintiff, Tonnie Jelks, who was, at the time, incarcerated at the Madison County Criminal Justice Complex ("CJC") in Jackson, Tennessee, filed a civil complaint and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) After Plaintiff filed the necessary documentation, the Court granted leave to proceed *in forma pauperis* and assessed a filing fee of $350 in accordance with the provisions of the Prison Litigation Reform Act, §§ 1915(a)-(b). (ECF No. 6.) On July 24, 2015, the Court issued an order partially dismissing the complaint and directing that process be issued for Defendants Jason Klutts and T.J. Stewart.[1] Plaintiff notified the Clerk on August 28, 2015, that he had been transferred to the Bledsoe County Correctional Complex ("BCCX") in Pikeville, Tennessee. (ECF No. 11.)

---

[1] Plaintiff identified these Defendants as Officer Klutz and Officer Stewart. (ECF No. 1-1 at PageID 4-5.) On Counsel filed a Notice of Appearance on the Defendants' behalf, in which their full and correctly spelled names are provided. (ECF Nos. 13 & 14.) The Clerk is directed to MODIFY the docket to properly identify the Defendants as Officer Jason Klutts and Officer T.J. Stewart.

On June 19, 2015, prior to his transfer to the BCCX, Plaintiff filed a Motion For Accounting in which he asserts that officials at the CJC had taken too much money out of his commissary account for payment of the filing fee. (ECF No. 7.) He states that instead of deducting 20% of the average monthly deposits to his account, the "entire account of $40.00" was deducted. He requests a refund to the extent that $40.00 exceeded the proper 20% assessment. (*Id.*)

Plaintiff's motion is DENIED. First, the Court's records do not reflect that any payment of $40.00 has been made on his behalf. On April 23, 2015, a payment of $26.67 was received, and a second payment in the amount of $33.93 was received on June 8, 2015. No further payments have been received from any prison. In addition, Plaintiff has cited no authority requiring the Court to refund § 1915(b) payments received from a prison, absent an actual overpayment of the filing fee, even if the payments were mistakenly remitted or miscalculated. At this time, a balance of $289.40 remains outstanding. Under these circumstances, the Court declines to order a refund.

On September 14, 2015, Plaintiff filed a motion for appointment of counsel (ECF No. 17), and the Defendants responded in opposition (ECF No. 18). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "[t]he appointment of counsel in a civil proceeding is not a constitutional right." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit."); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (no constitutional right to counsel in a civil case); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993) ("There is no constitutional or . . . statutory right to counsel in federal civil cases . . . ."). Appointment of counsel is "a privilege that is justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606 (internal quotation marks

and citation omitted). "In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved." *Id.* at 606 (internal quotation marks and citations omitted). Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are extremely slim. *Id.* (citing *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985)); *see also Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (same).[2]

Plaintiff has not satisfied his burden of demonstrating that the Court should exercise its discretion to appoint counsel in this case. There is nothing that distinguishes this case from the many other cases filed by *pro se* prisoners who are not trained attorneys and who may have limited access to a law library. The motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[2] These factors are important, because § 1915(e)(1) "does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. *Mallard v. United States Dist. Ct.*, 490 U.S. 296, 310 (1989).