IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| TONNIE JELKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 15-1062-JDT-egb |
| | ) | |
| JASON KLUTTS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER GRANTING MOTION TO DISMISS,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

The *pro se* prisoner Plaintiff, Tonnie Jelks, who is currently incarcerated at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee,[1] filed this action pursuant to 42 U.S.C. § 1983 on March 25, 2015, accompanied by a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) After Plaintiff submitted the necessary documentation, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to 28 U.S.C. §§ 1915(a)-(b). (ECF No. 6.) On July 24, 2015, the Court issued an order partially dismissing the complaint and directing that process be issued for Officers Jason Klutts and T.J. Stewart. (ECF No. 9.) A scheduling order was entered on October 16, 2015. (ECF No. 21.)

Defendants filed a motion to compel discovery pursuant to Federal Rule of Civil Procedure 37 on January 12, 2016. (ECF No. 27.) Defendants stated they served Plaintiff with their First Set

---

[1] When the complaint was filed, Plaintiff was confined at the Madison County Criminal Justice Complex in Jackson, Tennessee. (ECF No. 1 at 2.) He was first transferred to the Bledsoe County Correctional Complex (ECF No. 11) and from there to the NWCX (ECF No. 23).

of Interrogatories and Requests for Production on November 16, 2015. (ECF No. 27-2.) When Plaintiff did not serve his responses in a timely manner, counsel for Defendant contacted Plaintiff by letter dated December 23, 2015, advising that if his responses were not received by January 8, 2016, a motion to compel would be filed (ECF No. 27-3). However, Plaintiff did not response to the letter or submit his answers to the discovery requests.

The Court granted Defendants' motion to compel on February 9, 2016, ordering Plaintiff to provide his discovery responses within twenty-one days. (ECF No. 28.) Plaintiff was warned that if he failed to comply with the order in a timely manner, the Court could impose sanctions pursuant to Rule 37(b)(2)(A), including the dismissal of this case. (*Id.*) However, on March 8, 2016, Defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b), stating that Plaintiff has failed to comply with the Court's order to serve his discovery responses. Plaintiff has not responded to the Defendants' motion to dismiss or otherwise communicated with the Court regarding his refusal to provide discovery.

The Court finds that Plaintiff has acted willfully and in bad faith in failing to provide any discovery responses and that his failure has prejudiced the Defendants' ability to defend in this matter. Plaintiff was warned that failure to comply with the Court's order compelling discovery could lead to dismissal of this case. Therefore, the Court finds that dismissal is an appropriate sanction.

Accordingly, Defendants' motion to dismiss is GRANTED, and this case is hereby DISMISSED pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b).[2]

---

[2] Defendants did not renew their request for an award of reasonable expenses and attorney fees pursuant to Rule 37(a)(5)(A). Given that Plaintiff is a prisoner and was permitted to proceed *in forma pauperis* in this case, such an award would not be appropriate.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Plaintiff in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* The same considerations that lead the Court to dismiss this case for failure to comply with the Court's order to provide discovery also compel the conclusion that an appeal would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Plaintiff nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, the Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE